No. 05-333

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 77N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

RICKY DEAN ZANDER,

        Defendant  and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                       In and For the County of Missoula, Cause No. DC 03-298
                       Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Clinton H. Kammerer; Kammerer Law Offices,
                Missoula, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; C. Mark Fowler,
                Assistant Attorney General, Helena, Montana

                Fred Van Valkenburg, Missoula County Attorney; Karen Townsend,
                Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  March 14, 2006

Decided:  April 18, 2006

Filed:

_____
                     Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Ricky Dean Zander appeals from the judgment and sentence entered by the Fourth Judicial District Court, Missoula County, upon his guilty plea to the felony offense of operating a motor vehicle while under the influence of alcohol or drugs (DUI). Before Zander pled guilty, the District Court denied Zander's pretrial motions to dismiss the charges and to suppress evidence. The court concluded the arresting officer had particularized suspicion to approach Zander based on information from a 911 dispatcher that a citizen reported a drunk driver had caused an accident in a parking lot and his confirmation of that report on the scene with the driver of the struck vehicle. The court also determined the officer had probable cause to arrest Zander based on the reports of drunk driving by the 911 caller and the driver of the struck vehicle, the officer's observations of Zander, Zander's performance on standardized field sobriety maneuvers, Zander's admission to drinking and the result of his portable breath test. Moreover, the court determined Zander received adequate *Krause* and *Miranda* advisories.

¶3      In addition, the District Court determined that a "no driving" restriction imposed by the Justice Court and retained by the District Court as a condition of pretrial release did not

render the implied consent advisories given to Zander invalid, did not constitute grounds for concluding the State had waived prosecution or was estopped from prosecuting Zander, and was not "punitive" for purposes of double jeopardy analysis. In determining the "no driving" condition was not punitive, the court reasoned, in part, that the condition was authorized by § 46-9-108(1), MCA, because it was imposed to protect the public in light of Zander's three prior DUI convictions.

¶4      On appeal, Zander asserts certain witnesses lacked credibility because, among other things, their testimony regarding particularized suspicion went beyond their statements in prior affidavits and the officer's report. Related to the assertion that the officer lacked particularized suspicion of criminal activity, Zander argues he is entitled to the confidentiality protections for accident reports set forth in § 61-7-114, MCA. He also contends the evidence did not establish the *Krause* advisory was properly administered. In addition, he posits that any information—which he does not specify—gathered between his arrest and the reading of his *Miranda* rights at the detention center should be suppressed. Moreover, he contends the "no driving" pretrial release condition rendered the implied consent advisory invalid or, alternatively, constituted waiver or estoppel of the State's further prosecution of him. He also argues his prosecution after the imposition of the "no driving" condition—which he characterizes as unusual and punitive—is a violation of constitutional double jeopardy protections, the Canons of Judicial Ethics and certain statutory provisions.

¶5      We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum

3

opinions. It is manifest on the face of the briefs and the record that Zander's appeal is without merit because there clearly is sufficient evidence to support the District Court's findings of fact and the legal issues are clearly controlled by settled Montana law that the District Court correctly interpreted.

¶6     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE